IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS EDWARDS,

    Petitioner,

v.                                        CASE NO. 3:16-cv-398-MCR-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, Petitioner's *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] ECF No. 12, Respondent's motion to dismiss for failure to exhaust state remedies, and ECF No. 17, Petitioner's response. Upon due consideration of the Petition, the motion to dismiss, and the state-court record,[2] the undersigned recommends that the motion to dismiss Petition be denied.[3]

---

[1] Although Petitioner's petition is filed on the court-approved form for relief under 28 U.S.C. § 2241, as a state prisoner—presently confined at Holmes Correctional Institute—Petitioner was advised that his petition is governed by both § 2241 and § 2254. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Accordingly, the exhaustion requirements of § 2254 apply in this case.

[2] Because the state-court record attached to the motion to dismiss is incomplete, the Court also considered the documents attached to Petitioner's petition. (*See* ECF Nos. 1 & 12-1.)

[3] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules

## **State-Court Proceedings**

In 1995 Petitioner was sentenced in Miami-Dade County on numerous charges, including kidnaping, burglary, and aggravated stalking. Petitioner received life imprisonment for count 2, one year for counts 4 and 7, 60 days for counts 5 and 9, 30 years for count 6, and 10 years for count 13. With regard to count 2, Petitioner received a 15-year minimum mandatory sentence as a habitual violent offender, and with regard to count 6, Petitioner received a 10-year minimum mandatory sentence to run consecutive to the minimum mandatory in count 2. The 5-year minimum mandatory Petitioner received for count 13 was to run concurrent with the minimum mandatory in count 2. His sentence was later vacated as to all counts and modified multiple times from 2006 to 2009. (ECF No. 1 at 1–41.)

In November 2014, after his administrative remedies were denied, Petitioner filed a petition for writ of mandamus in the Second Judicial Circuit regarding his sentence calculation and seeking an award for his time served on count 2. The court denied Petitioner's petition for writ of mandamus on May 13, 2015. (ECF No. 1 at 93–98, 142–44.) Petitioner

---

Governing Habeas Corpus Petitions Under Section 2254.

*Case No: 3:16-cv-398-MCR-GRJ*

filed a petition for writ of certiorari in the First District Court of Appeal ("First DCA") regarding the denial of his petition for writ of mandamus. The First DCA denied his petition for writ of certiorari on the merits, and the mandate followed on April 12, 2016. (ECF No. 1 at 160–173.)

Petitioner filed the instant federal habeas corpus petition on April 20, 2016.  Petitioner asserts one ground for relief: prison officials failed to award Petitioner's sentence on count 2 with jail and prison credit as ordered by the sentencing court on June 24, 2009. Petitioner alleges that he exhausted his claims by filing prison grievances, a petition for writ of mandamus, and an appeal to the First DCA. (ECF No. 1 at 3.)

## Section 2254 Exhaustion Requirement

Habeas corpus relief may be granted only if Petitioner has properly exhausted his federal claims in state court. § 2254(b)(1) and (c). To do so the federal claim must be fairly presented to the state court, to give the State the opportunity to pass upon and correct alleged violations of federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Duncan v. Henry*, 513 U.S. 364, 365–366 (1995).  A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

## Discussion

In the motion to dismiss, Respondent argues that Petitioner's claim is unexhausted and should be dismissed. Respondent argues that although Petitioner filed a petition for a writ of mandamus regarding his claim, he failed to perfect his appeal and it was dismissed. Respondent says that because Petitioner failed to *fully* exhaust the state remedies available to him, his petition should be dismissed. (ECF No. 12.)

Florida's appellate review process for challenges against the Florida Department of Corrections involves two steps. First, a prisoner may file a petition for writ of habeas corpus or a petition for writ of mandamus in a Florida circuit court, challenging the FDOC's grievance response. *See* Fla. R. App. P. 9.030(c); *see also Bush v. State*, 945 So. 2d 1207, 1210 (Fla. 2006) ("[O]nce a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition."). If the Florida circuit court denies the petition, the prisoner may then appeal or file a petition for writ of certiorari in the appropriate Florida court of appeal pursuant to Florida Rule of Appellate Procedure 9.110 or 9.030. *See, e.g.*, *Sheley v. Fla. Parole*

*Comm'n*, 720 So. 216 (Fla. 1998) ("A circuit court order denying relief is reviewable in the district court by certiorari . . . .").

Under this process, Petitioner properly exhausted his claim. Petitioner filed inmate grievances with the FDOC, all of which were denied. (ECF No. 1 at 50–73.) Petitioner filed a petition for writ of mandamus in the Second Judicial Circuit on November 30, 2014, regarding the calculation of his sentence. (*Id.* at 93–98.) This was denied on May 13, 2015. (*Id.* at 142–44.) Petitioner then properly challenged the Second Judicial Circuit's ruling on his petition for writ of mandamus by filing a petition for writ of certiorari on May 18, 2015, in the First DCA, which was also denied. (*Id.* at 160–65, 173.)

Either intentionally or inadvertently Respondent has not included any record of the petition for writ of mandamus filed in the Second Judicial Circuit on November 30, 2014, or the subsequent petition for writ of certiorari filed in the First DCA and the court's denial of that petition, which prove Petitioner exhausted his claim.[4] Instead, when arguing that Petitioner failed to exhaust, Respondent erroneously relies upon an unsuccessful

---

[4] The only document from the Second Judicial Circuit that Respondent includes in its record is an emergency petition for writ of mandamus filed after Petitioner filed after the instant petition for writ of habeas corpus. (*See* ECF No. 12-1 at 11–15.)

petition for writ of mandamus filed in the Eighth Judicial Circuit of Florida and the subsequent appeal by Petitioner to the First DCA, which was dismissed on October 7, 2016, for failure to pay the filing fee or submit an order of insolvency. (ECF No. 12-1 at 116, 122.) As a result of Respondent's failure to consider the state-court record in its entirety, Respondent reaches the incorrect result regarding exhaustion.

Examining all of the documents Petitioner filed in state court attached to both Respondent's motion and Petitioner's petition, the Court concludes that Petitioner properly exhausted his claim. Accordingly, Respondent's motion to dismiss is due to be denied.

## Recommendation

For the foregoing reasons it is respectfully **RECOMMENDED** that Respondent Florida Department of Corrections' Motion to Dismiss Petitioner for Writ of Habeas Corpus for Failure to Exhaust State Remedies, ECF No. 12, should be **DENIED.**

**IN CHAMBERS** in Gainesville, Florida, on this 1st day of June 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**