UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS TARON EDWARDS,

      Petitioner,

v.                                             Case No. 3:16-cv-398-MCR/MJF

MARK S. INCH,[1]

      Respondent.
_____/

**ORDER and**
**REPORT AND RECOMMENDATION**

Douglas Taron Edwards ("Edwards") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Respondent ("the State") answered, providing relevant portions of the state court record. (Doc. 29). Edwards replied. (Doc. 33). The undersigned concludes that no evidentiary hearing is required for the

---

[1] In January 2019, Mark S. Inch succeeded Julie L. Jones as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. *See* Fed. R. Civ. P. 25(d).

disposition of this matter, and that Edwards is not entitled to habeas relief because his petition presents a purely state law issue.[2]

## I. Background and Procedural History

Edwards is a state prisoner confined at Charlotte Correctional Institution in Punta Gorda, Florida. Edwards is in custody pursuant to the judgment of the Dade County Circuit Court, having been convicted of numerous crimes including kidnapping with a weapon, aggravated stalking, and burglary of an occupied dwelling in Case No. 94-21946. (Doc. 1, p. 2 in ECF). Edwards' habeas petition raises one claim: "Prison officials failed to award petitioner's sentence on count #2 [the kidnapping] with jail & prison credit as ordered by the sentencing court on June 24, 2009." (*Id*., p. 3 in ECF). As relief, Edwards requests an order requiring the Florida Department of Corrections ("FDC") "to grant the award the court ordered jail & prison credit for time served on Count #2, adjust petitioner's release date & release petitioner from custody." (*Id*., p. 6 in ECF).

---

[2] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Edwards sought relief on this claim through the FDC's administrative grievance process. (Doc. 33, Exs. G, H, I). After his appeal to the Secretary's Office was denied on October 30, 2014, (Doc. 33, Ex. I), Edwards filed a mandamus petition in the Leon County Circuit Court on November 30, 2014. (Doc. 29, Attach. Part 2, pp. 115-19).[3] The circuit court denied relief for these reasons:

> Petitioner is in service of an overall 34 years sentence comprised of the following sentences: 10 year mandatory sentence on Count 6 of Dade County case number 94-21946, followed by the consecutive 23 year sentence on Count 2 of Dade County case number 94-21946, followed by 20 months on Dade County case number 06-018682. At the final resentencing hearing for case number 94-21946, on June 24, 2009, the court awarded credit from June 29, 1994 to be applied towards Petitioner's sentences. The Department applied the first ten years of credit towards the first term (Count 6 plus concurrent counts) until that term was satisfied (on June 26, 2004), and then the Department applied the remaining credit towards the consecutive term in Count 2.
>
> Petitioner asserts that the Department has not applied credit as awarded by the sentencing court in 94-21946. Specifically, Petitioner seeks a mandamus to compel the Department to apply all the credit since June 24, 2009 towards the sentence in Count 2 of 94-21946.
>
> In order for to [sic] this Court to grant mandamus relief, the Petitioner must establish the following: (1) a clear legal right to performance of the act requested; (2) an indisputable legal duty by the public officer to perform the act; and, (3) no other adequate and

---

[3] Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom right corner of the page.

> available remedy. *Pleus v. Crist*, 14 So. 3d 941 (Fla. 2009), *quoting Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000). To be entitled to mandamus relief, "the petitioner must have a clear legal right to the requested action, and the petitioner must have no other adequate remedy available." *Id.* at 945.
>
> This Court finds that because the sentencing court ordered Count 2 of 94-21946 to run consecutively to Count 6 of 94-21946, the Department properly applied the court awarded credit. *See Gisi v. State*, 948 So. 2d 816, 819-20 (Fla. 2d DCA 2007), *disapproved on other grounds*; *see also Mosley v. State*, 141 So. 3d 1250 (Fla. App. 1 Dist., 2014); *see also Cregg v. State*, 43 So. 3d 818, 821 (Fla. 1st DCA 2010) *review denied*, 54 So. 3d 973 (Fla. 2011). Therefore, Petitioner has no clear legal right to additional credit to be applied towards the sentence in 94-21946.
>
> This Court also finds that Petitioner has no legal right, nor is it necessary, to have an evidentiary hearing, oral arguments, or appointment of counsel. *See State v. Weeks*, 166 So. 2d 892, 896-7 (Fla. 1964).
>
> Accordingly, it is **ORDERED and ADJUDGED** that the petition for writ of mandamus is **DENIED**. The plaintiff's motion for summary judgment, his motion for a temporary restraining order, as well as all other pending motions are hereby **DENIED**.

(Doc. 29, Attach. Part 2, pp. 161-63).

Edwards sought further review in the Florida First District Court of Appeal ("First DCA") by filing a certiorari petition. (Doc. 29, Attach. part 2, pp. 164-69). On March 17, 2016, the First DCA denied the petition in a one-sentence opinion:

"The petition for writ of certiorari is denied on the merits." (Doc. 29, Attach. Part 2, p. 185). The mandate issued April 12, 2016.

Edwards filed his federal habeas petition on April 20, 2016. (Doc. 1). As noted above, Edwards' habeas petition claims the FDC failed to properly apply the sentencing court's award of jail and prison credit to his sentences. Edwards explains:

> On 6/24/09, the court vacated petitioner's judgment & sentence & awarded equal amounts of jail & prison credit on all counts including the consecutive counts 2 & 6. This was supported by an order of mitigation & the clerk's minutes. Prison officials have refused to credit count #2 with the time previously served on Count #2 as awarded by the late Judge.

(Doc. 1, p. 4 in ECF). The State asserts that the petition should be denied for the following reasons: (1) Edwards' claim is not cognizable on federal habeas review because it presents a purely state law issue; (2) Edwards' claim is time barred; and (3) Edwards' claim fails on the merits. (Doc. 29, pp. 12-15).

Edwards replies that his petition is timely and that he is entitled to habeas relief because "[t]his case involves the failure of Respondent to obey a valid sentencing order & the unconstitutional change of Petitioner's sentence by Respondent, an executive agency of government." (Doc. 33, p. 4). Edwards' supporting argument relies exclusively on state law. (*Id.* pp. 6-9).

## II. Discussion

Although Edwards' habeas petition is authorized by § 2241, it also is governed by § 2254, because Edwards is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) ("[I]f a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254."); *see also Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (finding that state prisoner's habeas petition was subject to both § 2241 and § 2254 where it attacked a decision of the state parole commission); *Robinson v. Sec'y, Fla. Dep't of Corr.*, No. 17-13462-G, 2018 WL 3854024, at *2 (11th Cir. Mar. 29, 2018) (unpublished opinion) (finding that state prisoner's habeas petition was subject to both § 2241 and § 2254 where it attacked the FDC's computation of his sentence with respect to gain time and credit for time served).

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)); *see also* 28 U.S.C. §

2241(c)(3) (authorizing a prisoner to bring an action for writ of habeas corpus if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in due process or other constitutional terms. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Edwards' claim boils down to a disagreement with the FDC over how the award of sentence credit should be applied to the calculation of his release date. That presents a purely state law issue.[4] "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting

---

[4] Edwards' claim has consistently been addressed as a state law issue. Edwards' state mandamus petition and his certiorari petition relied exclusively on state law. (Doc. 29, Attach. Part 2, pp. 115-19, 164-69). The State's responses to Edwards' state court petitions relied exclusively on state law. (Doc. 29, Attach. Part 2, pp. 121-40, 170-84). The state courts' resolution of Edwards' claim relied exclusively on state law. (Doc. 29, Attach. Part 2, pp. 161-63, 185). *See Wilson v. Sellers*, 584 U.S. —, 138 S. Ct. 1188, 1192 (2018) (holding that a federal court should "look through" an unexplained state-court decision to the last related state-court decision that does provide a relevant rationale and it "should then presume that the unexplained decision adopted the same reasoning").

*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))). Moreover, it is a "fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997); *McGuire*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Edwards' only reference to federal law is a single, conclusory statement in his reply that the FDC "has violated both Petitioner's constitutional right to due process & the separation of powers doctrine when it refused to carry out the sentence imposed by the court." (Doc. 33, p. 8 in ECF). The separation of powers elements of the federal constitution do not apply to the relationship between the Florida sentencing court and the Florida Department of Corrections. *See Pacheco v. Dugger*, 850 F.2d 1493, 1494 (11th Cir. 1988) ("The provisions of the federal constitution which delineate the powers of the three branches of the federal government have no application to the balance of powers in Florida's system of government, which is established in the state constitution.").

As Edwards' claim provides no basis for federal habeas relief, his petition should be denied.

### III. Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

Page 9 of 11

find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, the petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. Conclusion

For the reasons set forth above, it is **ORDERED**:

The clerk shall change the docket to reflect that Mark S. Inch has been substituted as the respondent in this cause.

In addition, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus (Doc. 1) be **DENIED**.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this file.

At Panama City, Florida, this 10th day of April 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**